[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR MODIFICATION AND MOTIONS FOR COUNSEL FEES (DOCKET ENTRIES 186, 187), ATTORNEY FOR MINOR CHILDREN'S MOTION FOR ATTORNEY FEES AND GUARDIAN AD LITEM'S MOTION FOR ATTORNEY'S FEES
CT Page 9549
The plaintiff has filed a motion for modification of the previous orders of support. On February 19, 1992, the court entered orders that the defendant pay to the plaintiff by way of child support the sum of $58.80 per week. The court found that support in accordance with the guidelines would be $121.00 a week based upon the defendant's net earnings of $297.00 a week. The court further found that application of the guidelines would be inequitable and inappropriate and deviated from the guidelines because of the defendant's transportation and housing costs during execution of her visitation. The court examined this issue again in August, 1994. The guideline figure at that time was between $119.00 and $122.00 per week. Judge Thim again found that application of the guidelines would be inequitable and inappropriate and deviated from the guidelines ordering that $58.00 per week continue as the amount for support, denying the plaintiff's motion for modification.
The plaintiff is self-employed working as a remodeling contractor. His gross income is $857.00 per week and a net of $467.00 per week. His medical insurance of $135.00 per week represents 35 percent of his total deductions. The defendant is employed as a quality assurance manager at Midas Mortgage Company and earns $708.80 per week with a net of $451.00 per week. Based upon the family support guidelines, the presumptive figure for the defendant to pay to the plaintiff by way of support is $182.00 per week.
The distance between Chesterfield, Virginia and Easton, Connecticut is 465 miles. A round trip totals 930 miles or $290.00 (rounded) for automobile expenses at current allowable amounts for federal tax purposes. Motel expenses for each week of visitation for two nights would be an additional $200.00. A fair amount, therefore, by way of support considering defendant's expenses for travel and lodging is $70.00 per week. The court, therefore, finds that applying the guidelines would be inequitable and inappropriate and enters orders for support of $70.00 per week effective August 1, 2000. Such support obligation is suspended during the summer vacation spent with the defendant. While the defendant's need for day care is not as necessary as it was before Judge Thim in 1994, nevertheless the defendant does incur expenses for the children while they are with her, such as food, clothing, tutoring, camp, entertainment, etc.
The court does find a substantial change of circumstances and modifies the previous orders increasing support from $50.00 per week to $70.00 per week. CT Page 9550
Pursuant to the provisions of § 46b-62 of the General Statutes, counsel for the children, the guardian ad litem and counsel for the plaintiff have moved for attorney's fees.
With regard to counsel for the children's motion for attorney's fees, that motion is granted. The court orders additional attorney's fees in the amount of $5,620 to be divided equally between the parties in the amount of $2,810 to be paid by each party in an amount of $200.00 per month.
The motion of the guardian ad litem for attorney's fees is also granted. The amount of $9,800 is found to be fair and reasonable. The court orders that this shall be paid equally by each of the parties or $4,900 each. The defendant has paid $2,000 of her share. The plaintiff shall likewise pay $2,000 by September 1, 2000 and each party shall thereafter pay $200.00 per month commencing September 1, 2000 until the balance is fully paid.
The plaintiff has moved for counsel fees. The court orders each of the parties to pay his or her own counsel fees. The plaintiff's motion is, therefore, denied.
In considering all of these motions, the court has considered the testimony of the parties, the financial affidavits of the parties and the provisions of § 46b-82 of the General Statutes together with the appropriate and applicable case law.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE